UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
OVERSEAS PRIVATE INVESTMENT CORPORATION,

                Plaintiff,                              No. 12 Civ. 5833 (RA)

    -against-                                     **ANSWER OF DEFENDANT**
                                                                            **PETER EUGENE GERWE**

PETER EUGENE GERWE,

                Defendant.
---------------------------------------------------------------------X

        Defendant Peter Eugene Gerwe, by his attorneys, Anderson, Kill & Olick, P.C., as and for his answer to the Complaint filed in the above-captioned action, states as follows:

        1.      Defendant admits that Plaintiff has filed an action as alleged in Paragraph 1 and denies Plaintiff's entitlement to relief under said action. Defendant respectfully refers the Court to the Complaint for the complete and accurate contents contained therein.

        2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies such allegations.

        3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

        4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 4 of Plaintiff's Complaint which states that Plaintiff is an agency of the United States government.

        5.      Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegation contained in Paragraph 5 of Plaintiff's Complaint which states that venue is proper in this Court pursuant to 28 USC § 1391(b)(3).

6. Defendant is not obligated to respond to Paragraph 6 of Plaintiff's Complaint which seeks to characterize documents that are attached to the Complaint as Exhibits "A" and "B." Defendant respectfully refers the Court to the aforementioned Exhibits for the complete and accurate contents contained therein. Defendant further states that pp. 6-15 were omitted from Exhibit "A" and that only one "Debt Instrument" or "Promissory Note" was annexed to "Exhibit B."

7. In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant respectfully refers the Court to Exhibit "C" for the complete and accurate contents contained therein.

8. Defendant is not obligated to respond to Paragraph 8 of Plaintiff's Complaint which seeks to characterize the Project Completion Agreement annexed to the Complaint as Exhibit "C." Defendant respectfully refers the Court to Exhibit "C" for the complete and accurate contents contained therein.

9. Defendant is not obligated to respond to Paragraph 9 of Plaintiff's Complaint which seeks to characterize the Project Completion Agreement annexed to the Complaint as Exhibit "C." Defendant respectfully refers the Court to Exhibit "C" for the complete and accurate contents contained therein.

10. Defendant is not obligated to respond to Paragraph 10 of Plaintiff's Complaint which seeks to characterize the Project Completion Agreement annexed to the Complaint as

Exhibit "C." Defendant respectfully refers the Court to Exhibit "C" for the complete and accurate contents contained therein.

11. Defendant is not obligated to respond to Paragraph 11 of Plaintiff's Complaint which seeks to characterize the Project Completion Agreement annexed to the Complaint as Exhibit "C." Defendant respectfully refers the Court to Exhibit "C" for the complete and accurate contents contained therein.

12. Defendant is not obligated to respond to Paragraph 12 of Plaintiff's Complaint which seeks to characterize the Project Completion Agreement annexed to the Complaint as Exhibit "C." Defendant respectfully refers the Court to Exhibit "C" for the complete and accurate contents contained therein.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies such allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore denies such allegations.

15. Defendant is not obligated to respond to Paragraph 15 of Plaintiff's Complaint which seeks to characterize the documents attached as Exhibits to Plaintiff's Complaint. Defendant respectfully refers the Court to Exhibits "A," "B" and "C" for the complete and accurate contents contained therein.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's

Complaint.

17.   Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.   In response to Paragraph 18 of Plaintiff's Complaint, Defendant repeats and realleges each and every response contained in Paragraphs 1 through 17 of this Answer.

19.   Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.   Defendant denies the allegations contained in Paragraph 20 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

21.   Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

22.   Plaintiff lacks jurisdiction over the Defendant due to improper service of the Summons and Complaint.

## THIRD AFFIRMATIVE DEFENSE

23.   The Loan Agreement, Debt Instrument(s) and Project Completion Agreement are void and unenforceable due to illegality and violation of public policy.

## FOURTH AFFIRMATIVE DEFENSE

24.   The Loan Agreement, Debt Instrument(s) and Project Completion Agreement are void and unenforceable due to Plaintiff's fraud, concealment and misrepresentation.

### FIFTH AFFIRMATIVE DEFENSE

25. The Guaranty obligation in the Project Completion Agreement is void and unenforceable due to the failure of consideration or due to inadequate consideration.

### SIXTH AFFIRMATIVE DEFENSE

26. The Project Completion Agreement is void and unenforceable due to lack of mutuality.

### SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred, in whole or in part, due to its breach of the implied covenant of good faith and fair dealing.

### EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff failed to provide Defendant and/or the Borrower with proper notice of the alleged default.

### NINTH AFFIRMATIVE DEFENSE

29. Defendant gives notice that he intends to rely upon and assert all other affirmative defenses which become known or apparent during the course of discovery, and hereby reserves the right to amend his Answer to assert any and all such defenses.

**THIS SPACE INENTIONALLY LEFT BLANK**

WHEREFORE, Defendant Peter Eugene Gerwe demands judgment as follows:

A.      For dismissal of Plaintiff's Complaint, with prejudice;

B.      For recovery of his expenses, costs, and reasonable attorney fees; and

C.      For such further relief which this Court deems just and proper.


Dated: New York, New York
        October 4, 2012

ANDERSON, KILL & OLICK, P.C.

By: *[signature]*

Michael A. Lacher. (ML-8229)
Adam J. Rader (AR-3530)
1251 Avenue of the Americas
New York, NY 10020
(212) 872-106
*Attorneys for Defendant*
*Peter Eugene Gerwe*