UNITED STATES DISTRICT COURT

For the

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **OVERSEAS PRIVATE INVESTMENT CORPORATION,** | &#124; | |
| *Plaintiff*, | &#124; | ECF CASE |
| | &#124; | |
| vs | &#124; | Civil Action No.12CV5833 |
| **PETER EUGENE GERWE,** | &#124; | Judge Abrams |
| | &#124; | |
| *Defendant.* | &#124; | |

PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff, Overseas Private Investment Corporation ("OPIC") states that there is no genuine issue to be tried with respect to the following material facts:

1. OPIC is an agency of the United States government. See Declaration of Steven Smith dated January 23, 2013 ("Smith Decl."), ¶ 2.

2. On September 2, 2009, OPIC and Closed Joint Stock Company "Star Networks" ("Star Networks") entered into a Loan Agreement whereby OPIC agreed to make a certain loan to Star Networks. See Smith Decl. ¶ 4 and Exhibit 1; Complaint ¶ 6; Answer ¶ 6.

3. The Loan Agreement provided for a loan up to a total principal amount of Twenty-eight million dollars ($28,000,000.00). See Smith Decl. ¶ 4 and Exhibit 1.

4. The Loan Agreement was revised and amended to change certain terms by written amendments dated September 17, 2009 and October 5, 2009. See Smith Decl. ¶4 and Exhibit 1.

5. The first installment on the Loan was evidenced by a Debt Instrument dated October 5, 2009 in the principal amount of Nine Million dollars $9,000,000.00.  See Smith Decl. ¶5 and Exhibit 2;  Complaint ¶6;  Answer ¶6.

6.  The Debt Instrument contained Borrower's unconditional promise to pay the principal sum (in installments, plus interest as specified).  See Complaint ¶15;  Answer ¶ 15.

7.  On October 1, 2009, OPIC, the Borrower, Star Networks, Bressar Holdings Limited and Peter Eugene Gerwe entered into a Project Completion Agreement.  See  Smith Decl. ¶7 and Exhibit 3; Complaint ¶7; Answer ¶ 7.

8.  Defendant Peter Eugene Gerwe executed the Project Completion Agreement as Sponsor and Guarantor of the Loan between OPIC and Star Networks, as Borrower.  See Smith Decl. ¶ 7; Complaint ¶8; Answer ¶ 8.

9. The Project Completion Agreement signed by the Defendant evidenced his agreement to irrevocably and unconditionally guarantee the Loan.  See Smith Decl. ¶7; Complaint ¶8; Answer ¶8.  Specifically, the language of the Project Completion Agreement reads as follows:

> The obligations of the Sponsor under this Agreement are direct and continuing, absolute, unconditional, and irrevocable and are independent of the obligations of the Company to OPIC under the Loan Agreement, the Debt Instruments, and other Financing Documents, and shall not to any extent or in any way  be reduced, limited, terminated, discharged, impaired, or otherwise affected by any  of the following:..
>
> (ii) any illegality, invalidity, lack of regularity, or unenforceability of any PCA Call or the absence of any action to enforce the same;…

> (iv) any illegality, lack of validity or enforceability of, or any misrepresentation, irregularity, or other defect in, the Loan Agreement, the Debt Instruments, or any other agreement entered into in connection therewith;…
>
> (vi) any right, claim or defense, waiver, surrender or compromise that the Sponsor may have under or in respect of this Agreement or otherwise;…
>
> (xiii) any other act, omission, neglect, event or circumstances whatsoever, whether similar or dissimilar to the foregoing, that might otherwise constitute a defense available to, or a legal or equitable discharge of the Sponsor in respect of any of its obligations under this Agreement, the Company, the Sponsor Holding Company, the Parent Company, or any other guarantor or surety.
>
> Smith Decl. Exhibit 3, Section 4(a).

7. The Project Completion Agreement signed by the Defendant provided for a guarantee of payment up to a maximum of Five million dollars ($5,000,000.00). See Smith Decl. ¶7, Exhibit 3, Section 3(a).

8. The Debt Instrument included terms providing that, in the event of default, the entire outstanding principal amount and interest to the date of payment would immediately become due and payable at the option of and upon the demand of the Instrument's holder. See Smith Decl. Exhibit 2; Complaint ¶15; Answer ¶15.

9. The Borrower, Star Networks, defaulted on the payment due on or after December 15, 2011 and is in default. See Smith Decl. ¶9; Complaint ¶14; Answer ¶14.

10. On or about March 2, 2012, OPIC sent demand letters to Star Networks and the Defendant Sponsor demanding payment of the then outstanding balance due in the amount of $481,680.56 plus further accruing interest. See Smith Decl. ¶10 and Exhibit 4; Complaint ¶16; Answer ¶16.

11. Star Networks, the Defendant Peter Eugene Gerwe, nor any other party has made cured the defaults set forth in the demand of March 2, 2012 or thereafter. See Smith Decl. ¶¶ 11, 12, 13; Complaint ¶¶ 17, 19; Answer ¶¶ 17,19.

12. As of January 9, 2013, the total outstanding balance due and owing to OPIC is $9,007,841.09. Interest continues to accrue until the Loan is fully paid. See Smith Decl. ¶11.

13. OPIC is also entitled to an award of reasonable attorneys' fees and costs incurred in the prosecution of this action, as provided in the Loan Documents. See Smith Decl. ¶18 and Exhibits 1-3.

Dated: Chestertown, New York
February 12, 2013

_/s/Linda T. Taverni_____
Linda T. Taverni
Attorney for Plaintiff
826 Atateka Drive
Chestertown, NY 12817
Telephone: (518) 494-4558
Fax (518) 494-4558