UNITED STATES DISTRICT COURT

For the

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **OVERSEAS PRIVATE INVESTMENT CORPORATION,** | |
| *Plaintiff*, | ECF CASE |
| vs | Civil Action No.12CV5833 |
| **PETER EUGENE GERWE,** | Judge Abrams |
| *Defendant.* | |

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDMENT PURSUANT TO RULE 56**

_____

Submitted by
Linda T. Taverni
Attorney for Plaintiff, OPIC
826 Atateka Drive
Chestertown, NY 12817
(518) 494-4558
(518) 494-4558
Email: tavernis@hotmail.com

# TABLE OF CONTENTS

Table of Authorities

Preliminary Statement………………………………………………………………………..1

Background…………………………………………………………………………………...2

      I.      OPIC……………………………………………………………………… 2

      II.     The Loan to Star Networks ………………………………………………...2

      III.    Star Networks Default on the Loan…………………………………………2

Argument

OPIC IS ENTITLED TO SUMMARY JUDGMENT AGAINST THE DEFENDANT BECAUSE THE BORROWER DEFAULTED ON LOAN PAYMENTS AND THE DEFENDANT GUARANTEED REPAYMENT OF THE LOAN AND HAS FAILED TO REPAY THE DEBT………….3

      I.      Standard of Review……………………………………………………………3

      II.     Defendant is Liable to OPIC as a Matter of Law……………………………5

      III.    The Affirmative Defenses Raised by Defendant
            Fail as a Matter of Law…………………………………………......................6

      IV.    Discovery Should be Stayed Pending Resolution of This Motion………….9

Conclusion…………………………………………………………………………….10

## TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242,249, 106 S. Ct. 2505, 2511 (1986) ............................... 4

Banner Indus.. Inc. v. KevB.H. Assoc. L.P. 170 A.D.2d 246, 565 N.Y.S.2d 456 (1st Dep't 1991) ......................... 5,6

Basile v. Wal Disney Co., 717 F. Supp 2d 381 (S.D.N.Y. 2010)……………………………………………………………….......8

Bell Atlantic Corp. v. Twombly, 550 US 544, 557(2007)………………………………………..8

Brookman & Brookman. P.C. v. Schiavoni. 245 A.D.2d 93, 665 N.Y.S.2d 419, 420 (1st Dep't 1997) ...................... 4

Cavendish Traders. Ltd, v. Nice Skate Shoes. Ltd.. 117 F. Supp. 2d 394, 399 (S.D.N.Y. 2000) ................................ 5

Celotex Corp. v. Catrett. 477 U.S. 317,325, 106 S. Ct. 2548, 2554 (1986) ................................................ 4

Century Business Credit Corp. v. Gargiulo Foods. L.L.C. , No. 03 Civ. 4394 (RO), 2003 WL 21998959, at *1 (S.D.N.Y. Aug. 22, 2003) ................................................................................................................. 8

Chem. Bank v. Haseotes. 13 F. .3d 569, 573 (2d Cir. 1994) ................................................................. 5

Citicorp Leasing, Inc. v. United American Funding. Inc., No. 03 Civ. 1586 (WHP), 2005 WL 1847300, at *4 (S.D.N.Y. Aug. 5, 2005) ............................................................................................................ 5,7,8

Compagnie Financiere de CIC et de L'Union Europene v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 188 F. 3d 31 (2nd Circ. 1999)………………………………………………………………………………………….7

Corev v. Collins, 782 N.Y.S.2d 51, 52 (1st Dep't 2004) ............................................................. 8

Coss v. Steward, Case No. 32014, 2011 WL 9374, at *9 (Conn. App. Ct. Jan. 11, 2011)…………………9

Davis & Assocs v. Health Management Services, 168 F. Supp. 2d 109 (SDNY 2001). .................................... 8

Ellington Credit Fund Ltd. v. Select Portfolio Serv., Inc., 2009 WL 274483, at *1(S.D.N.Y. 2009)……..9

EMI Music Marketing v. Avatar Records. Inc. 317 F. Supp. 2d 412,419 (S.D.N.Y. 2004) ............................. 7

FDIC v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) ............................................................ 4

Gateway State Bank v. Shangri-La Private Club for Women. Inc., 113 A.D.2d 791, 493 N.Y.S.2d 226 (1985), affd. 67 N.Y.S. 679 (1986) ............................................................................................................. 5

Gilbere v. Shea. No 95 Civ. 4247 (KMW), 1996 WL 406682, at *2 (S.D.N.Y. May 31, 1996) ................................ 4

Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 270 (2d Cir. 1999) ............................................. 4

HSH Nordbank AG New York Branch v. Street, (unpub.) 421 Fed. Appx. 70 (2nd Circ. 2011)..................................7

Ihmels v. Kahn. 126 A.D.2d 701, 511 N.Y.S.2d 306 (2d Dep't 1987)...................................................................5

Industrial Bank of Japan Trust Co. v. Haseotes. No. 92 Civ. 6074 (SWK), 1993 WL 322775, at *2 (S.D.N.Y. Aug. 19, 1993)..................................................................................................................................5,6

Lama Holding Co. v. Smith Barney Inc., 646 N.Y.S.2d 76, 80 (N.Y. 1996)....................................9

Matsusshita Elec. Ind. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986)............4

Overseas Private Investment Corp. v. Kim, 69 A.D. 3rd 1185 (Third Dept 2010)………………..4

Phoenix Acquisition Corp. v. Campcore. 81 N.Y.2d 138, 143, 612 N.E.2d 1219 (1993). .........................................5

The Bank of New York v. TriPolyta Finance. B.V., No. 01 Civ. 9104 (LTS) (DFE), 2003 WL 1960587, at *4 (S.D.N.Y. Apr. 25, 2003) ..................................................................................................................................7

Ursa Minor Ltd, v. AON Financial Products. No. 00 Civ. 2474 (AGS), 2000 WL 1010278, at *5 (S.D.N.Y. July 21, 2000)..................................................................................................................................4,8

**Statutes**

Fed .R.Civ.P. 9(b)………………………………………………………………………………… 9

Fed. R. Civ. P. 56 (c) ...................................................................................................................3

Fed. R. Civ. P. 56(e). ...................................................................................................................4

Plaintiff Overseas Private Investment Corporation ("OPIC") respectfully submits this memorandum of law in support of its motion for summary judgment for judgment as demanded in its complaint against Defendant Peter Eugene Gerwe pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court should grant summary judgment to OPIC against Defendant because he has failed to pay on his guarantee of the obligations of Closed Joint Stock Company Star Networks ("Star Networks"), a Russian closed joint stock company, to OPIC and the broad language of the guarantee constitutes a waiver of the defenses raised by the Defendant.

**PRELIMINARY STATEMENT**

This is a straightforward case in which OPIC, an agency of the United States, seeks to recover an amount owing (plus interest, other surcharges and fees) pursuant to a loan made to Star Networks which was guaranteed by the Defendant. The material facts are undisputed. OPIC entered into a Loan Agreement with Star Networks. Star Networks signed a Loan Agreement and a Debt Instrument pursuant to which it received an initial disbursement of a loan in the total amount of $9,000,000.00. The Defendant signed a Project Completion Agreement whereby he agreed to an unlimited and unconditional guarantee of payment of this loan, up to a maximum sum of $5,000,000.00. Star Networks defaulted on the payment due in December 2011 and the Defendant, despite due demand has failed to honor his guarantee. The evidence undisputedly establishes that the Defendant, as guarantor, owes the sum of $5,000,000.00, plus interest and attorneys fees to OPIC. While the Defendant has asserted various defenses, they fail as a matter of law, because said Defendant's signed written agreement contains an unconditional and unlimited guarantee which expressly waived all defenses.

**BACKGROUND**

No genuine dispute exists regarding any of the following facts

**I. OPIC**

OPIC is a federal agency funded by Congressional appropriations. See Declaration of Steven Smith, dated January 22, 2013 ("Smith Decl.") ¶¶ 1, 2.

**II. The Loan to Star Networks**

On or about September 2, 2009 OPIC entered into a loan agreement pursuant to which it agreed to a loan in the total amount of $28,000,000.00 (the "Loan") to Star Networks, as borrower. On or about October 1, 2009 OPIC entered into a Project Completion Agreement with Star Networks, Bressar Holdings Limited and Defendant Peter Eugene Gerwe which contains a guarantee by Defendant Gerwe of payment up to a maximum amount of $5,000,000.00 (the "Guarantee"). See Smith Decl. ¶¶4-8 and Exhibits 1-3; Complaint ¶¶6-9. The initial advance on the Loan in the amount of $9,000,000.00 was evidenced by a Debt Instrument dated October 5, 2009. See Smith Decl. ¶5 and Exhibit 2. The Debt Instrument contained Borrower's "unconditional promise to pay" the principal sum (in installments, plus interest as specified). See Complaint ¶15; Answer ¶15. The Project Completion Agreement signed by the Defendant evidenced his agreement to irrevocably and unconditionally guarantee the Loan. See Smith Decl. ¶7; Complaint ¶8; Answer ¶ 8.

The Debt Instrument included terms providing that, in the event of default, the entire outstanding principal amount and interest to the date of payment would immediately become due and payable at the option of and upon the demand of the Instrument's holder. See Smith Decl. Exhibit 2; Complaint ¶15; Answer ¶15.

**III. Star Networks Default on the Loan**

The Borrower, Star Networks, defaulted on the payment due on or after December 15, 2011. See Smith Decl. ¶9; Complaint ¶14; Answer ¶14. Pursuant to the terms of the Project Completion

2

Agreement, on or about March 2, 2012 OPIC sent demand letters to Star Networks and to the Defendant Guarantor demanding payment of the outstanding balance due, plus interest to date. See Smith Decl. ¶10 and Exhibit 4; Complaint ¶16; Answer ¶16. Star Networks, the Defendant Guarantor, nor any other party has made any payments in response to the demands. See Smith Decl. ¶¶11-13; Complaint ¶¶17, 19; Answer ¶¶17,19.

OPIC has not received any payments in response to its demands. See Smith Decl. ¶12. As of January 9, 2013, the total outstanding balance due and owing to OPIC is $9,007,841,09, inclusive of interest and fees. Interest will continue to accrue until the Loan is fully paid. See Smith Decl. ¶11. OPIC commenced this action to enforce the obligation of the Defendant Guarantor to pay the outstanding balance, up to the maximum amount provided in the written agreement. The complaint also includes a claim for attorney's fees and costs as provided in the Loan Documents.

## ARGUMENT

### OPIC IS ENTITLED TO SUMMARY JUDGMENT AGAINST THE DEFENDANT BECAUSE THE BORROWER DEFAULTED ON LOAN PAYMENTS AND THE DEFENDANT GUARANTEED REPAYMENT OF THE LOAN AND HAS FAILED TO REPAY THE DEBT

OPIC is entitled to judgment as a matter of law against the Defendant on his unconditional guarantee. None of the defenses interposed by the Defendant precludes summary judgment under the express terms of the guarantees.

### I. Standard of Review

Summary judgment should be granted when "there is no genuine issue as to any material fact and… the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). When a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56

(e). "[A]t the summary judgment state, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,249, 106 S. Ct. 2505, 2511 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted).

Summary judgment is also appropriate when there is no material evidence to support the non-movant's case. Celotex Corp. v. Catrett. 477 U.S. 317,325, 106 S. Ct. 2548, 2554 (1986). Thus, the movant may challenge the legal sufficiency of an affirmative defense and satisfy Rule 56 by showing that there is no legal basis or an absence of evidence to support any of the elements of the non-movant's case. Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 270 (2d Cir. 1999); FDIC v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994). See also, Matsusshita Elec. Ind. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). Moreover, "mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." Ursa Minor Ltd, v. AON Financial Products. No. 00 Civ. 2474 (AGS), 2000 WL 1010278, at *5 (S.D.N.Y. July 21, 2000) (internal quotation marks omitted) (granting summary judgment as a matter of law based on defendant's unconditional guarantees). See also, Overseas Private Investment Corp. v. Kim, 69 A.D. 3rd 1185 (Third Dept. 2010).

Actions to enforce promissory notes and guarantees are particularly appropriate for summary judgment because the documentation is clear on its face. See, e.g. Ursa Minor Ltd. 2000 WL 1010278, at *5; Gilbere v. Shea. No 95 Civ. 4247 (KMW), 1996 WL 406682, at *2 (S.D.N.Y. May 31, 1996) (granting summary judgment on claim for non-payment of promissory note); Brookman & Brookman. P.C. v. Schiavoni. 245 A.D.2d 93, 665 N.Y.S.2d 419, 420 (1st Dep't 1997) (granting partial summary judgment for liability under guarantee).

## II.   Defendant Is Liable to OPIC As a Matter of Law

OPIC is entitled to summary judgment against the Guarantor Defendant because there are no disputed material facts regarding any element of either OPIC's claims for default or guarantor liability on the Loan. Specifically, there is no dispute that Star Networks and Peter Eugene Gerwe executed the Loan Agreement and Project Completion Agreement respectively, that those documents are authentic and admissible, and that the debt is in default and remains outstanding. Accordingly, OPIC is entitled to enforce the loan documents, and summary judgment is proper.

Under New York law[1], a prima facie case of a payment default on a promissory note requires proof of (1) a valid note, and (2) a defendant's failure to pay despite demand for payment, unless demand has been waived. Cavendish Traders. Ltd, v. Nice Skate Shoes. Ltd. 117 F. Supp. 2d 394, 399 (S.D.N.Y. 2000); Gateway State Bank v. Shangri-La Private Club for Women. Inc., 113 A.D.2d 791, 493 N.Y.S.2d 226 (1985), affd. 67 N.Y.S. 679 (1986); see also Ihmels v. Kahn. 126 A.D.2d 701, 511 N.Y.S.2d 306 (2d Dep't 1987) (plaintiff establishes its case as a matter of law in a suit on a promissory note "by proof of the promissory notes in question and nonpayment according to their terms"). A prima facie case of breach of a guarantee requires proof that (1) the plaintiff is owed a debt from a third party; (2) the defendant guaranteed payment of the third party's debt; and (3) the debt has not been paid by the third party or the defendant. Chem. Bank v. Haseotes. 13 F.3d 569, 573 (2d Cir. 1994); Citicorp Leasing, Inc. v. United American Funding. Inc., No. 03 Civ. 1586 (WHP), 2005 WL 1847300, at *4 (S.D.N.Y. Aug. 5, 2005); Industrial Bank of Japan Trust Co. v. Haseotes. No. 92 Civ. 6074 (SWK), 1993 WL 322775, at *2 (S.D.N.Y. Aug. 19, 1993) (granting summary judgment to enforce a guarantee); Banner Indus. Inc. v. KevB.H. Assoc. L.P. 170 A.D.2d 246, 565 N.Y.S.2d 456 (1st Dep't 1991) (affirming grant of summary judgment in suit on note and guarantee). Thus, the guarantor becomes liable on a note upon default by the borrower. Phoenix Acquisition Corp. v. Campcore. 81 N.Y.2d 138, 143, 612 N.E.2d 1219 (1993).

---

[1] New York law applies to the Loan Documents.  See Complaint Exhibit A, Loan Agreement §9.03; Complaint Exhibit C, Project Completion Agreement §19

OPIC is thus entitled to summary judgment upon showing the following: (1) a valid note, (2) on which the borrower failed to make a timely payment, (3) which was guaranteed by the Guarantor Defendant, and (4) on which neither the Borrower nor the Guarantor Defendant has repaid the amount due and owing.  Each of those elements is established as a matter of law because:

- The Defendant does not dispute that he executed the Project Completion Agreement, which contains his unconditional promise to pay the Loan and the unconditional guarantee of the Loan.
- The Borrower failed to make the payment due in December, 2011 and was therefore in default on the Loan.
- Neither Star Networks nor the Guarantor has repaid the balance owing under the Loan.

Accordingly, the Defendant is liable for the balance due on the Loan, subject to the maximum limit provided in the agreement of $5,000,000.00.

### III. The Affirmative Defenses Raised By the Defendant Fail As a Matter of Law and Must be Dismissed

"Once a plaintiff has established a prima facie case of entitlement to recover under a guaranty, the defendant bears the burden of producing 'evidentiary facts showing the existence of a triable issue of fact with respect to a bona fide defense.'" Industrial Bank of Japan., 1992 WL 322775, at *4 (rejecting equitable affirmative defenses for lack of legal or factual justification); Banner Indus., 565 N.Y.S.2d at 246 (affirming grant of summary judgment in suit on note and guarantee and rejecting affirmative defenses proffered by Defendant).

The Defendant has interposed affirmative defenses which he is precluded as a matter of law from raising because he unconditionally guaranteed Star Networks' obligations. Specifically, the Project Completion Agreement which was signed by the Guarantor included the following language expressly and unambiguously waiving all defenses and claims:

> The obligations of the Sponsor under this Agreement are direct and continuing, absolute, unconditional, and irrevocable and are independent of the obligations of the Company to OPIC under the Loan Agreement, the Debt Instruments, and other Financing Documents, and shall not to any extent or in any way  be reduced, limited, terminated,

6

>discharged, impaired, or otherwise affected by any of the following:..
>
>(ii) any illegality, invalidity, lack of regularity, or unenforceability of any PCA Call or the absence of any action to enforce the same;…
>
>(iv) any illegality, lack of validity or enforceability of, or any misrepresentation, irregularity, or other defect in, the Loan Agreement, the Debt Instruments, or any other agreement entered into in connection therewith;…
>
>(vi) any right, claim or defense, waiver, surrender or compromise that the Sponsor may have under or in respect of this Agreement or otherwise;…
>
>(xiii) any other act, omission, neglect, event or circumstances whatsoever, whether similar or dissimilar to the foregoing, that might otherwise constitute a defense available to, or a legal or equitable discharge of the Sponsor in respect of any of its obligations under this Agreement, the Company, the Sponsor Holding Company, the Parent Company, or any other guarantor or surety.
>
>Smith Decl. Exhibit 3, Section 4(a),

This unconditional guarantee bars the assertion of the affirmative defenses that the Guarantor Defendant pleads here. Where the creditor seeks summary judgment upon a written guaranty, it need prove no more than the absolute and unconditional guaranty which precludes all defenses, including breach of good faith and fair dealing. HSH Nordbank AG New York Branch v. Street, (unpub.) 421 Fed. Appx. 70 (2nd Circ. 2011), citing Compagnie Financiere de CIC et de L'Union Europene v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 188 F. 3d 31 (2nd Circ. 1999). See also The Bank of New York v. TriPolyta Finance. B.V., No. 01 Civ. 9104 (LTS) (DFE), 2003 WL 1960587, at *4 (S.D.N.Y. Apr. 25, 2003) ("As the terms of the Guarantee are unambiguous and convey that the contract is unconditional, defendant TP Indonesia has waived any and all affirmative defenses."); see also Citicorp Leasing. Inc. 2005 WL 1847300, at *6 (granting summary judgment against guarantors and holding that unconditional guarantees barred assertion of equitable defenses including estoppel); EMI Music Marketing v. Avatar Records. Inc. 317 F. Supp. 2d 412, 419 (S.D.N.Y. 2004) (holding that unconditional guaranty, even if devoid of specific waiver language, is binding and waives all defenses by guarantor to debt

enforcement); Century Business Credit Corp. v. Gargiulo Foods. L.L.C., No. 03 Civ. 4394 (RO), 2003 WL 21998959, at *1 (S.D.N.Y. Aug. 22, 2003) (granting summary judgment against guarantor based on unconditional guarantee); Ursa Minor Ltd., 2000 WL 1010278, at *8 (unconditional guarantees with clear and unambiguous terms bar the assertion of affirmative defenses); Corev v. Collins, 782 N.Y.S.2d 51, 52 (1st Dep't 2004) (holding that unconditional guarantor waived right to challenge effect of forfeiture of collateral on underlying debt).

It is well settled law in New York that valid releases that are clear and unambiguous will be enforced. Davis & Assocs v. Health Management Services, 168 F. Supp. 2d 109 (SDNY 2001). The rule that unconditional guarantees are enforceable if written in clear and unambiguous terms "reflects the notion that when parties have expressly allocated risks, the judiciary shall not intrude into their contractual relationship." Citicorp Leasing. Inc., 2005 WL 1847300, at *4 (noting that where a guarantee is unconditional "certain defenses are automatically precluded and thus non-meritorious"). Thus, a guarantor "cannot rely on defenses that were waived by a guarantee to defeat summary judgment, even if the defendant establishes an issue of fact." Id. at *5. Ultimately, such fact issues cannot be "material" as a matter of law. Therefore, the Guarantor Defendant's affirmative defenses must fail as a matter of law because, in the guarantee at issue here, the Guarantor Defendant expressly and unconditionally waived "all rights, claims, defenses, waivers…"

In any event, there is no material evidence to support any of the affirmative defenses pleaded by the Defendant which consist of wholly amorphous and conclusory allegations or are mere boilerplate. Allegations of pure conjecture or speculation are legally insufficient to survive a motion to dismiss. See Basile v. Walt Disney Co., 717 F. Supp 2d 381, 390-91 (S.D.N.Y. 2010) ("These allegations are nothing but conjecture and are thus legally insufficient to state a claim for civil rights conspiracy"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (analogizing parallel conduct in antitrust context to "a naked assertion of conspiracy," and finding that "without some further factual enhancement [such allegations] stop short of the line between possibility and plausibility of entitle[ment] to relief").

The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned accusation. Twombly, 550 U.S. at 555. A pleading that offers "labels

and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.

The Defendant has interposed defenses which generally allege fraud, concealment, misrepresentation and lack of good faith. Even if not barred by the provisions of the written agreement, these defenses completely fail to comply with F.R.C.P. 9(b) which requires stating with particularity the circumstances of the fraud or misrepresentation.

"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." Lama Holding Co. v. Smith Barney Inc., 646 N.Y.S.2d 76, 80 (N.Y. 1996); Coss v. Steward, Case No. 32014, 2011 WL 9374, at *9 (Conn. App. Ct. Jan. 11, 2011) (same). Additionally, a fraud claim must be pled with particularity. Fed. R. Civ. P. 9(b).

The Defendants fail to allege a single statement by OPIC that the Defendant relied upon to his detriment. Further, there is no allegation that OPIC acted with any **fraudulent intent**, let alone allegations pled with particularity. Thus, the Defendant's fraud allegations are completely deficient.

### IV. Discovery Should Be Stayed Pending Resolution of This Motion

Discovery may be stayed "for good cause" under Fed.R.Civ.P. 26(c). Factors determining good cause" include the pendency of a dispositive motion and the respective burden and prejudice to the parties in going forward with discovery. Ellington Credit Fund, Ltd. v. Select Portfolio Serv., Inc., 2009 WL 274483, at *1 (S.D.N.Y. 2009). In the case at bar, a stay of discovery is appropriate pending the resolution of the motion for summary judgment as all or most of Defendant's discovery requests refer to the defenses which have been waived under the terms of the agreement admittedly signed by the Defendant and must be dismissed.

## CONCLUSION

There is no dispute that the Loan was made, that the Loan is in default, that the Guarantor Defendant unconditionally guaranteed repayment of the debt owed, and that he waived his right to raise affirmative defenses. There is no issue of fact requiring trial and this Court should grant summary judgment to OPIC on its claim and dismiss Defendant's answer.

For the foregoing reasons, the Court should grant summary judgment in favor of OPIC and award damages in favor of OPIC and against Defendant in the total amount of $5,000,000.00, plus interest, and the reasonable attorneys fees and costs incurred in the prosecution of this action, and such other relief that the Court deems just.

Dated: Chestertown, New York  
       February 12 , 2013

Respectfully submitted,

s/ Linda T. Taverni_____  
Linda T. Taverni  
Attorney for Plaintiff, OPIC  
826 Atateka Drive  
Chestertown, New York 12817  
Phone (518) 494-4558  
Fax (518) 4894-4558  
tavernis@hotmail.com